a statement showing a balance due, and demanded payment thereof, and that after threatening suit he received a small sum on account. Applying the rules laid down in the cases cited herein, the evidence introduced by the plaintiff in support of his contention is insufficient to establish that an account had been stated, and a balance agreed upon, which was alike binding on the plaintiff and the defendant.

A dismissal of the complaint was proper, and the judgment and order appeal from should be affirmed, with costs. All concur.

## In re THOMPSON.

(City Court of New York, General Term. March 2, 1900.)

SUPPLEMENTARY PROCEEDINGS—COSTS—CONTEMPT.

> A defendant in supplemental proceedings is not guilty of contempt for failure to pay the usual costs allowed to plaintiff's attorney out of the proceeds of property discovered by such proceedings.

Appeal from special term.

In the matter of the examination of John W. Thompson, a judgment debtor. From an order reversing an order declaring the debtor guilty of contempt, plaintiff appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

White & Otheman, for appellant.

Edwin F. Stern, for respondent.

PER CURIAM. The examination of the judgment debtor shows what property he possessed, all of which, except those chattels exempt from levy, he was willing should be turned over to a receiver. The special term justice, in addition, made the usual allowance of $30 costs to the judgment creditors' attorney. It was not intended by such provision to impose more than the burden usually imposed upon a judgment debtor when property of his has been discovered, as in this instance; that is to say, that an allowance of $30 was made to the judgment creditors' attorney, to be taken out of the proceeds of funds realized out of such property. In this case the special term justice declared him guilty of contempt because of the failure to pay such $30, and an order to that effect was entered. Another special term justice reversed said order; hence this appeal.

We think the reversal was right. It was only intended, as before stated, to make the allowance usually made in this proceeding, and payable in the same manner. There was no apparent reason for departing in this instance from this rule.

The order appealed from must be affirmed, but without costs or disbursements to either party.